UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

DAVID R. DUBOIS,                          )
    Petitioner,                           )
                                          )
v.                                        )        C.A. No. 13-115-M
                                          )
STATE OF RHODE ISLAND,                    )
    Respondent.                           )

## MEMORANDUM AND ORDER

Before the Court is the State of Rhode Island's Motion to Dismiss (ECF No. 7) David R. Dubois's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. (ECF No. 1.) In his Petition, Mr. Dubois sets forth two grounds for relief: *ground one*, the state trial court deprived Mr. Dubois of his Sixth Amendment right to compulsory process and confrontation of witnesses; and *ground two*, the admission of prejudicial evidence under Rule 404(b) of the Rules of Evidence violated Mr. Dubois's Sixth Amendment right to a fair trial by an impartial jury. (*See* ECF No. 1-1 at 19, 27.) The State seeks dismissal of Mr. Dubois's Petition, arguing that Mr. Dubois failed to exhaust his claims in state court and that his claims nevertheless lack merit. (ECF No. 7.)

## I.    BACKGROUND

The facts are as described in the Rhode Island Supreme Court opinion affirming Mr. Dubois's conviction. *See State v. Dubois*, 36 A.3d 191 (R.I. 2012). On April 18, 2007, the state filed six criminal counts against Mr. Dubois in Rhode Island Superior Court. *Id.* at 193. One count of second degree sexual assault under R.I. Gen. Laws 1956 § 11-37-4 and five counts of second degree child molestation under R.I. Gen. Laws 1956 § 11-37-8.3 were filed, but the sexual assault charge was dismissed as the statute of limitations had already run. *Id.*

The complainants were Sarah, Lauren, and Natalie (the Defendant's nieces by marriage) and Emily (the Defendant's cousin by marriage).[1]  *Id.*  The girls ranged in age from five to eleven at the time of the assaults and all incidents occurred between 1992 and 1998.  *Id.*

Sarah and Lauren testified that Mr. Dubois had acted inappropriately towards them on several occasions when Mr. Dubois's wife was babysitting the girls.  *Id.* at 194.  Later, when Lauren was fifteen she worked for Mr. Dubois for a summer at her mother's insistence.  *Id.*  Because of Lauren's reluctance to work for Mr. Dubois, Sarah disclosed the past abuse to their family.  *Id.*  After other female family members described similar abuse, they held a family meeting to confront Mr. Dubois, and an investigation and prosecution followed.  *Id.* at 194-95.

Mr. Dubois's two brother-in-laws, Ross and Normand, also testified at trial.  *Id.* at 196.  The State tried to limit the defense's line of questioning based on collusion among Mr. Dubois's family members or any biases they may have had against Mr. Dubois.  *Id.*  The trial justice held the witnesses could not testify "to suggest that there was some kind of a plan or scheme without any substantiation."  *Id.*

Mr. Dubois also raised issues regarding the testimony of his niece, Natalie.  Although Natalie's claim of sexual assault was dismissed, the State moved to allow her to testify as a 404(b) witness to describe three instances of sexual misconduct by Mr. Dubois.  *Id.* at 193.  The trial justice had ruled on the state's motion *in limine*, finding that two of the incidents, when Natalie was a young child, were relevant because they showed sexual intent directed at Natalie and therefore directed at the named complainants as well.  *Id.* at 193-94.  The trial justice also found the incidents were closely related to the alleged child molestation as both involved games. *Id.* at 193.  The trial justice did not allow the third uncharged instance, which occurred when

---

[1] The Court has changed the complainants' names to protect their privacy, using the same names as the Rhode Island Supreme Court decision.

Natalie was fourteen, to be introduced because that instance was not sufficiently similar to the instances the complainants alleged. *Id.*

At a sidebar conference during the trial, Mr. Dubois contended the two incidents should be excluded because they were too remote in time to show continuity. *Id.* at 196. The trial justice reiterated his *in limine* ruling, finding there was a nexus between these two incidents and the charged incidents because "the acts are the same or similar acts, the locations are the same or similar locations and, obviously, a time frame is a factor they have to take into consideration." *Id.*

The jury returned a verdict of guilty on all five counts and the trial court denied Mr. Dubois's motion for a new trial. *Id.* at 197. The court sentenced Mr. Dubois to serve five concurrent thirty year terms. *Id.* at 192-93. The Rhode Island Supreme Court affirmed the trial court's judgment of conviction. *Id.* at 202.

On February 14, 2013, Mr. Dubois filed a *pro se* Petition with this Court asserting two grounds for relief. (ECF No. 1.) He also filed a Motion for Leave to Proceed *in forma pauperis* and a Motion to Appoint Counsel. (ECF Nos. 2 and 3.)[2] The State moved to dismiss, arguing that Mr. Dubois filed a mixed petition because he failed to exhaust his 404(b) claim in state court and that his Petition nevertheless lacks substantive merit. (ECF No. 7.)

## II.   EXHAUSTION OF CLAIMS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, restricts federal court review of state court convictions and sentences. Before a federal court can reach the merits of a habeas claim, the petitioner "must have fairly

---

[2] This Court denied as moot the motion to proceed *in forma pauperis* (ECF No. 2) in a February 15, 2013 text order and denied the motion to appoint counsel (ECF No. 3) in a March 25, 2013 text order.

presented his claims to the state courts and must have exhausted his state court remedies." *McCambridge v. Hall*, 303 F.3d 24, 34 (1st Cir. 2002) (citing 28 U.S.C. § 2254(b)(1)(A)(1996)). A petitioner "bears a heavy burden" to show he presented the legal and factual bases of his federal claim to the state court. *Adelson v. DiPaola*, 131 F.3d 259, 262 (1st Cir. 1997).

To satisfy the exhaustion requirement, a petitioner must "present the federal claim fairly and recognizably." *Casella v. Clemons*, 207 F.3d 18, 20 (1st Cir. 2000)(citation omitted). A petitioner may exhaust his claim by relying on a specific provision of the Constitution, conspicuously presenting a federal constitutional claim, citing to federal constitutional precedents, identifying a specific right guaranteed by the Constitution, or asserting a state-law claim that is functionally identical to a federal constitutional claim. *Coningford v. State*, 640 F.3d 478, 482 (1st Cir. 2011) *cert. denied*, 132 S. Ct. 426 (U.S. March 31, 2011) (No. 08-2219).

The State argues that Mr. Dubois failed to exhaust his state court remedies on his Rule 404(b) claim because he based his argument to the Rhode Island Supreme Court, and its subsequent decision, solely on state evidentiary rules and case law, not constitutional grounds. (ECF No. 7 at 7.) Mr. Dubois contends his state collateral offense claims are functionally equivalent to their federal counterparts. (ECF No. 1-1 at 28-29.)

Here, ground two of Mr. Dubois's Petition involves a claim concerning the proper admittance of Rule 404(b) evidence. Upon review of Mr. Dubois's appeal briefing to the Rhode Island Supreme Court, he did not rely on any specific constitutional provision for support and based his argument solely on evidentiary grounds. *See* Brief of Appellant at 20-30 (Pursuant to Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts and AP 4(b)(1)(C) the state submitted briefs filed in *State v. Dubois*). Mr. Dubois argued the Rule 404(b) evidence "did not constitute 'nonremote similar sexual offenses' under *State v. Jalette*,

4

382 A.2d 526 (R.I. 1978), was unduly prejudicial and did not fall under one of the Rule 404(b) exceptions." *Id.* at 20.  Mr. Dubois almost exclusively cited Rhode Island state court cases, only relied on state rules of evidence, and did not reference the equivalent federal rule. *Id.* at 20-30.

The Court finds that Mr. Dubois has not exhausted his state court remedies as he did not argue that the trial justice's admission of the 404(b) evidence was a federal constitutional error. *See Coningford*, 640 F.3d at 482-83 (finding presentation of 404(b) issue in state court did not constitute a constitutional claim).  Vague references to a fair trial are insufficient to alert the state court to a constitutional claim.  *Id.* at 483.  As failure to exhaust a claim is fatal to the prosecution of a habeas petition, this Court must dismiss Mr. Dubois's Petition.  *See Jackson v. Coalter*, 337 F.3d 74, 86 (1st Cir. 2003).

## III.    STAY AND ABEYANCE

A petitioner who submits a mixed petition is entitled to resubmit a petition with only exhausted claims, or to exhaust the remainder of his claims. *Rose v. Lundy*, 455 U.S. 509, 520 (1982).  A district court may also stay the mixed petition, hold it in abeyance for the petitioner to exhaust all claims, and then adjudicate the petition after all claims have been exhausted. *Rhines v. Weber*, 544 U.S. 269, 275-76 (2005).

Courts will approve a stay of a mixed petition if the petitioner can show "there was 'good cause' for failing to exhaust the state remedies, the claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory tactics." *Josselyn v. Dennehy*, 475 F.3d 1, 4 (1st Cir. 2007) (quoting *Rhines*, 544 U.S. at 278).

Here, the Court finds that there was no good cause for Mr. Dubois's failure to exhaust his state court remedies on his 404(b) ground.  In his arguments to the Rhode Island Supreme Court, Mr. Dubois based his first ground squarely on the Sixth Amendment of the Constitution, but

failed to raise a single constitutional argument or federal case to support his second ground. It is obvious, therefore, that Mr. Dubois knew how to properly raise and exhaust a claim, but failed to do so. Mr. Dubois has failed to establish the necessary requirements of "good cause" in order for this Court to approve a "stay and abeyance" of his Petition.

## IV.    CONCLUSION

The State's Motion to Dismiss (ECF No. 7) is GRANTED. The Court will dismiss Mr. Dubois's Petition without prejudice unless, within thirty days of the date of this Memorandum and Order, Mr. Dubois files a request to dismiss the unexhausted claim (ground two) of his Petition and proceed only on the merits of ground one.

IT IS SO ORDERED.

John J. McConnell, Jr.
United States District Judge

June 20, 2013