UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| DAVID R. DUBOIS, )<br>    Petitioner, )<br>)<br>v. )<br>)<br>STATE OF RHODE ISLAND, )<br>    Respondent. )<br>) | C.A. No. 13-115-M |

## **MEMORANDUM AND ORDER**

JOHN J. MCCONNELL, JR., United States District Judge.

Before the Court is the State of Rhode Island's Motion to Dismiss (ECF No. 17) David R. Dubois' Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. (ECF No. 1.) Mr. Dubois has dismissed his second ground for relief pursuant to an order from the Court finding that he had not exhausted that claim in state court. (ECF No. 15), but has preserved his first ground: the state trial court deprived Mr. Dubois of his Sixth Amendment right to compulsory process and confrontation of witnesses. (*See* ECF No. 1-1 at 19.) The State seeks dismissal of Mr. Dubois' Petition, arguing that Mr. Dubois' claim lacks substantive merit. (ECF No. 17.) For the following reasons, the State's Motion to Dismiss is GRANTED.

### I. BACKGROUND

The facts in full are as described in the Court's previous Order on the State's first Motion to Dismiss (ECF No. 14) and the Rhode Island Supreme Court opinion affirming Mr. Dubois' conviction. *See State v. Dubois*, 36 A.3d 191 (R.I. 2012).

On April 18, 2007, the state filed six criminal counts against Mr. Dubois in Rhode Island Superior Court. *Id.* at 193. One count of second degree sexual assault under R.I. Gen. Laws §

11–37–4 and five counts of second degree child molestation under R.I. Gen. Laws § 11–37–8.3 were filed, but the sexual assault charge was dismissed as the statute of limitations had already run. *Id.*

The complainants were Sarah, Lauren, and Natalie (Mr. Dubois's nieces by marriage) and Emily (Mr. Dubois's cousin by marriage).[1] *Id.* The girls ranged in age from five to eleven at the time of the assaults and all incidents occurred between 1992 and 1998. *Id.*

Sarah and Lauren testified that Mr. Dubois had acted inappropriately towards them on several occasions when Mr. Dubois' wife was babysitting the girls. *Id.* at 194. Later, when Lauren was fifteen she worked for Mr. Dubois for a summer at her mother's insistence. *Id.* Because of Lauren's reluctance to work for Mr. Dubois, Sarah disclosed the past abuse to her family. *Id.* After other female family members described similar abuse, they held a family meeting to confront Mr. Dubois, and an investigation and prosecution followed. *Id.* at 194–95.

Mr. Dubois' two brother-in-laws, Ross and Normand, also testified at trial. *Id.* at 196. The defense attempted to put forward a line of questioning based on collusion among Mr. Dubois' family members or any biases they may have had against Mr. Dubois, but the State tried to limit this line of questioning. *Id.* The trial justice held the witnesses could not testify "to suggest that there was some kind of a plan or scheme without any substantiation." *Id.*

After trial, Mr. Dubois was convicted of five counts of second-degree child molestation. *Id.* at 192-93. He was sentenced to five concurrent terms of thirty years. *Id.* The Rhode Island Supreme Court affirmed the trial court's limitation of his cross-examination as the limitation did not violate Mr. Dubois' confrontation rights. *Id.*

---

[1] The Court has changed the complainants' names to protect their privacy, using the same names as the Rhode Island Supreme Court decision.

On February 14, 2013, Mr. Dubois filed a *pro se* Petition with the Court asserting two grounds for relief. (ECF No. 1.) He also filed a Motion for Leave to Proceed *in forma pauperis* and a Motion to Appoint Counsel. (ECF Nos. 2 and 3.)[2] The State moved to dismiss, arguing that Mr. Dubois filed a mixed Petition because he failed to exhaust his 404(b) claim in state court and that his Petition nevertheless lacks substantive merit. (ECF No. 7.) On July 12, 2013, the Court granted the State's Motion to Dismiss unless Mr. Dubois filed a request to dismiss the unexhausted claim and proceed only on the merits of ground one of his Petition. (ECF No. 14). Mr. Dubois complied with that order and dismissed ground two of his Petition. (ECF No. 15.) The State then filed a second Motion to Dismiss Mr. Dubois' remaining claim. (ECF No. 17.)

## II. STANDARD OF REVIEW

When a federal court reaches the merits of a habeas claim, the applicable standard of review depends on whether the state court adjudicated the petitioner's claim on the merits. *See, e.g., Healy v. Spencer*, 453 F.3d 21, 25 (1st Cir. 2006). Where a claim "was adjudicated on the merits in State court proceedings," a federal court may grant habeas relief only if the state court's "adjudication of the claim" either:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

"The test does not demand infallibility: a state court's decision may be objectively reasonable even if the federal habeas court, exercising its independent judgment, would have

---

[2] The Court denied as moot the motion to proceed *in forma pauperis* (ECF No. 2) in a February 15, 2013 text order because Mr. Dubois had already paid the filing fee and denied the motion to appoint counsel (ECF No. 3) in a March 25, 2013 Text Order.

reached a different conclusion." *Rashad v. Walsh*, 300 F.3d 27, 35 (1st Cir. 2002). The Court must review the Rhode Island Supreme Court's decision with deference. *Yarborough v. Alvarado*, 541 U.S. 652, 660 (2004).

### III. ANALYSIS

The Sixth Amendment guarantees a criminal defendant the right "to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor." U.S. Const. Amend. VI.[3] In his Petition, Mr. Dubois asserts the state trial court violated his Sixth Amendment rights to confrontation and compulsory process when the court refused to allow him to expose possible witness biases. (ECF No. 1 at 9).

Mr. Dubois sought to advance a theory that Ross and Normand colluded to encourage the girls into making false charges of sexual assault as a result of Ross and Normand's mother's decision to name Mr. Dubois and his wife administrators of her estate. *Dubois*, 36 A.3d at 196. The trial justice ruled the witnesses could testify on other issues, but they could not testify "to suggest that there was some kind of a plan or scheme without any substantiation." *Id.* at 196.

On appeal, the Rhode Island Supreme Court found the trial justice did not abuse his discretion in limiting cross examination of Ross and Normand based on Mr. Dubois' theory of collusion and found Mr. Dubois had ample opportunity to cross-examine the witnesses. *Id.* at 199. The court held Mr. Dubois failed to "make even a threshold showing that this line of questioning regarding family collusion was tethered to a meritorious defense" and that no evidence was produced showing either Ross or Normand had affected the complaining witnesses' testimony. *Id.*

---

[3] The Sixth Amendment is applicable to the states through the Fourteenth Amendment. *See Washington v. Texas*, 388 U.S. 14, 17-19 (1967).

The Sixth Amendment's Confrontation Clause requires a criminal defendant be confronted with the witnesses against him in his case. *Washington v. Texas*, 388 U.S. 14, 18 (1967). Confrontation's essential purpose is to ensure the opponent's opportunity for cross-examination. *Davis v. Alaska*, 415 U.S. 308, 315-16 (1974). Cross-examination includes the opportunity to demonstrate a witness' biases. *Pennsylvania v. Ritchie*, 480 U.S. 39, 51 (1987).

The Sixth Amendment's Compulsory Process Clause guarantees the accused's right to offer a witness' testimony on his behalf. *Taylor v. Illinois*, 484 U.S. 400, 408 (1988). "Few rights are more fundamental than that of an accused to present witnesses in his own defense." *Id.* at 408 (internal citation omitted). The right to compulsory process "is not absolute, and must be weighed against countervailing public interests." *United States v. Levy-Cordero*, 67 F.3d 1002, 1012-13 (1st Cir. 1995).

Habeas relief must only be granted if the trial court's error of federal law "had substantial and injurious effect or influence in determining the jury's verdict." *Kotteakos v. United States*, 328 U.S. 750, 776 (1946). Furthermore, relief is only granted if the error is not harmless. *Levasseur v. Pepe*, 70 F.3d 187, 193 (1st Cir. 1995). "Assessments of harmless error are necessarily context-specific." *Id.*

The Court first must determine whether Mr. Dubois' Sixth Amendment Compulsory Process Clause and Confrontation Clause rights were violated. If so, then it must determine whether that error was harmless. Habeas relief will be granted only if Mr. Dubois' constitutional rights were violated and that error was not harmless.

Mr. Dubois argues his right to present a complete defense was violated when the trial justice did not allow him to pursue questioning regarding his family members' collusion. (ECF

No. 1 at 11.)[4] At trial, Mr. Dubois argued he and his wife were named administrators of her mother's estate only three weeks before the family meeting when they confronted Mr. Dubois, which he maintains is a reasonable basis for potential bias. *Id.* at 14. He claims he sought to attack Ross and Normand's credibility as witnesses. *Id.* at 12. The State argues the Rhode Island Supreme Court decision affirming the trial justice's preclusion of cross-examination based on Mr. Dubois' collusion theory does not amount to unreasonable application of clearly established federal law. (ECF No. 17 at 5.)

Here, Mr. Dubois was given adequate opportunity to confront the witnesses against him. A state court's preclusion of questioning regarding bias is not an unreasonable application of federal law if the issue has "tenuous materiality" and potentially will create jury confusion. *Knight v. Spencer*, 447 F.3d 6, 14 (1st Cir. 2006). "[T]he state court's factual findings are entitled to a presumption of correctness that can be rebutted only by clear and convincing evidence to the contrary." *Rashad*, 300 F.3d at 35 (quoting *Ouber v. Guarino*, 293 F.3d 19, 27 (1st Cir. 2002)). In this case, Mr. Dubois did not "make even a threshold showing that this line of questioning regarding family collusion was tethered to a meritorious defense." *Dubois*, 36 A.3d at 199. Despite the fact that he was able to question witnesses on other topics, Mr. Dubois was unable to prove that additional cross-examination would show evidence of bias.

Here, the Court finds that Mr. Dubois' Sixth Amendment Confrontation and Compulsory Process Clause rights were outweighed by the "countervailing public interests" of preventing the jury from engaging in unfounded speculation. *Levy-Cordero*, 67 F.3d at 1013. Since there was

---

[4] Mr. Dubois also perfunctorily argues the victim impact statements were not authored by the victims themselves, but were instead authored by coordinated family members. (ECF No. 1 at 3-7; ECF No. 18 at 2.) However, there is no evidence in the record to support this contention.

no evidence of a factual basis for the collusion beyond mere speculation, the trial justice did not unreasonably apply federal law.

## IV. CONCLUSION

The State's Motion to Dismiss (ECF No. 17.) is GRANTED. The Court finds that the state trial court's decision not to allow questioning regarding family collusion did not violate Mr. Dubois' Sixth Amendment Compulsory Process and Confrontation Clause rights. As the state court adjudicated Mr. Dubois' claim on the merits and the decision involved a reasonable application of federal law, the Court finds Mr. Dubois' Sixth Amendment Compulsory Process and Confrontation Clause rights were not violated and there was no constitutional error. Mr. Dubois' Petition is therefore DENIED.

IT IS SO ORDERED. /s/ John J. McConnell, Jr.

John J. McConnell, Jr.
United States District Judge

July 30, 2013